# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CORTEZ D. MCCLINTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:21-CV-181-SPM |
| BILL STANGE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the reasons explained below, this case will be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Petitioner initiated this case on December 22, 2021 by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. However, he neither paid the applicable filing fee, nor filed a motion for leave to proceed *in forma pauperis*. On December 29, 2021, the Court entered an order directing petitioner to do one or the other.

Petitioner's response was due to the Court on January 27, 2022, but he neither complied with the order nor sought additional time to do so. On February 8, 2022, the Court *sua sponte* entered an order giving petitioner additional time, to and including March 10, 2022, to comply. In that order, the Court cautioned petitioner that his failure to timely pay the filing fee or file a motion for leave to proceed *in forma pauperis* would result in the dismissal of this case, without prejudice and without further notice. To date, however, petitioner has filed nothing.

Rule 3(a) of The Rules Governing Section 2254 Cases in the United States District Courts provides that a habeas petition "must" be accompanied by the applicable filing fee, or a

motion for leave to proceed *in forma pauperis.* In this case, petitioner has failed to comply with two Court orders directing him to satisfy that requirement. Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. Finally, Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure are applicable to § 2254 cases, to the extent they are not inconsistent with statutory provisions or the Rules themselves.

In this case, petitioner was twice given meaningful notice of what was expected, he was cautioned that dismissal could result from his failure to timely comply, and he was given ample time to comply. This case will therefore be dismissed at this time, without prejudice, due to petitioner's failure to prosecute this action and his failure to respond to the Court's December 29, 2021 and February 8, 2022 orders. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

Dated this  24th  day of March, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE